IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>　　　　Plaintiffs,<br>　v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>　　　　Defendant. | Case No. _____<br><br><br><br>CASE PENDING IN DISTRICT OF COLUMBIA:<br>Civil Action No. 1:21-cv-02900-CJN |

**MEMORANDUM OF LAW IN SUPPORT OF
OAN'S MOTION TO COMPEL THIRD PARTY SEC NEWGATE US LLC
TO COMPLY WITH RULE 45 SUBPOENA**

Defendant Herring Networks, Inc., d/b/a One America News Network ("OAN") files this Motion to Compel Third Party SEC Newgate US LLC to Comply with Rule 45 Subpoena. OAN served on SEC Newgate US LLC ("SEC Newgate") a document subpoena in a matter pending in the United States District Court for the District of Columbia captioned *Smartmatic USA Corp. et al. v. Herring Networks, Inc.*, No. 1:21-cv-02900-CJN (D.D.C.) (the "Action"). The subpoena was served on April 20, 2023. SEC Newgate—represented by the same counsel as Plaintiffs in the Action—after meeting and conferring with OAN's counsel, finally served its objections on June 23, 2023, agreeing to produce documents responsive to OAN's requests. To date, however, SEC Newgate has failed to produce any documents, and OAN's attempts to come to an agreement have been stonewalled. OAN is forced to move this Court for an order compelling SEC Newgate to produce long-overdue documents pursuant to the Rule 45 document subpoena.

**I.　　INTRODUCTION**

In the Action, Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively "Smartmatic") have steadfastly refused to produce

1

witnesses for depositions prior to the fact discovery deadline of December 8, 2023, asserting that OAN's document production must be complete before depositions can begin. Already, OAN was forced to seek court intervention when Smartmatic failed to present five witnesses for their depositions—three 30(b)(6) depositions of the Smartmatic Plaintiffs and two depositions of current Smartmatic employees. None of those depositions has occurred. OAN has also sought to compel the deposition of an ex-Smartmatic employee, Hugh Gallagher, who is represented by the same counsel as Smartmatic. *See* ECF No. 102, *Smartmatic*, No. 1:21-cv-02900-CJN. And OAN was forced to file a motion to compel with respect to third-party public relations firm Scott Circle Communications, Inc., also represented by Smartmatic's counsel, who moved to quash OAN's timely noticed deposition. *See* ECF Nos. 108, 111, *Smartmatic*, No. 1:21-cv-02900-CJN.

Like Smartmatic, SEC Newgate cannot skirt its discovery obligations. Nonetheless, SEC Newgate has failed to produce documents in response to OAN's Rule 45 subpoena. OAN has both provided SEC Newgate with reasonable search terms *and* agreed to allow SEC Newgate to produce documents based on its own search terms. SEC Newgate refuses to timely comply with a document subpoena or even begin producing documents responsive to the very search terms it proposed.

OAN therefore requests that this Court order SEC Newgate to produce long-overdue documents that are responsive to OAN's document subpoena and proposed search terms, SEC Newgate's proposed search terms, and other documents responsive to OAN's discovery requests that do not require search terms, within one week of the Court's order.

## II.     BACKGROUND

In the Action, Smartmatic, a voting machine company, sued OAN, a family-run media outlet, seeking billions of dollars in damages for allegedly defamatory statements about Smartmatic and its voting machines in OAN's coverage of President Trump's effort to challenge the results of the 2020 presidential election. *See* Complaint, ECF No. 1, *Smartmatic USA Corp. v.*

2

*Herring Networks, Inc.*, No. 1:21-cv-02900-CJN (D.D.C. filed Nov. 3, 2021). SEC Newgate is a public relations agency. SEC Newgate began working with Smartmatic in 2020 in the lead-up to the U.S. presidential election. (**Ex. A**, Shah Decl. ¶ 2.) On April 19, 2023, OAN issued a subpoena seeking documents responsive to 15 requests for production (the "document subpoena"). (**Ex. B**, Document Subpoena.)[1] On June 7, 2023, SEC Newgate requested additional time to respond to the document subpoena, with counsel stating "we need 30 days to produce documents" and that SEC Newgate would produce "right away" if they could "get the documents sooner." (**Ex. D**, Email Correspondence re Deadlines.) SEC Newgate served a response and objections to OAN on June 23, 2023, stating that it would produce documents responsive to OAN's requests. (**Ex. E**, SEC Newgate's Responses and Objections.)

By September 5, 2023, SEC Newgate still had not produced *any* documents in response to the document subpoena despite its previous statement that it needed only 30 days to make a production. (**Ex. A**, Shah Decl. ¶ 4.) With a fact-discovery deadline of December 8, 2023 approaching, counsel for OAN sought a meet and confer. (*Id.*). OAN and counsel for SEC Newgate—the same counsel representing Smartmatic—conferred on September 7. (*Id.* ¶ 5.) OAN requested that SEC Newgate produce responsive documents "irrespective of whether they hit on search terms if they were readily identifiable without search terms (e.g., RFP #2 which asks for agreements with Smartmatic)." (**Ex. F**, Email Correspondence Re: Third Party Subpoenas.) But SEC Newgate rejected this request, backed off its prior representation of producing documents within 30 days, and insisted on using only search terms to identify responsive documents. (*Id.*)

---

[1] The same day, OAN also issued a deposition subpoena, with which SEC Newgate has failed to comply. (**Ex. C**, Deposition Subpoena.) The deposition subpoena is not the subject of this Motion and is mentioned only by way of background.

In the "spirit of compromise," but while reserving its rights, OAN agreed to consider SEC Newgate's search terms that they had negotiated with defendants in related defamation cases. (**Ex. A**, Shah Decl. ¶ 5.) SEC Newgate then proposed a limited and deficient set of search terms that had clearly not been agreed to by such defendants. (*Id.*; **Ex. F**, Email Correspondence Re: Third Party Subpoenas.) OAN then countered with a more fulsome set of search terms designed to compensate for SEC Newgate's refusal to search for documents not amenable to search terms. (*Id.*; **Ex. G**, OAN's Proposed Search Terms.) OAN explained that the search terms proposed by SEC Newgate would not cover the information sought in the subpoena, "especially given that you are using search terms as a substitute to identifying relevant information that we think is best and most easily located without search terms." (**Ex. F**, Email Correspondence Re: Third Party Subpoenas.)

SEC Newgate responded to OAN's search term proposal by asserting it was overly broad, but SEC Newgate provided only four examples of what terms they considered problematic, and it was apparent that SEC Newgate's vendor simply failed to properly run the proposed terms properly. (**Ex. F**, Email Correspondence Re: Third Party Subpoenas.) OAN provided instructions to SEC Newgate that addressed how these four terms could be properly run and also narrowed some of the terms. (*Id.*). OAN also continued to ask SEC Newgate to find responsive documents without resorting to the use of search terms, noting that "if search terms were not used for all of these requests, we have no doubt that the number of documents would be lower." (*Id.*)

Despite OAN's efforts to work with SEC Newgate to identify acceptable search terms, SEC Newgate refused to engage or provide further evidence of its purported burden. (*Id.* (showing SEC Newgate did not substantively respond to OAN's October 10 email and the offer to "work with [SEC Newgate] to narrow down" the terms).) OAN continued to request that SEC Newgate provide evidence of the alleged burden, including "how many docs" OAN's proposed searches

"hit on," so that OAN could work to address it. (*Id*.) OAN explained that "We are happy to keep working with you to iron . . . out these terms, but we will need more information from you on where the hits are high and cannot play a guessing game here." (*Id*.)

Counsel spoke again on October 19, 2023. During that meet and confer, OAN and SEC Newgate "agreed that [SEC Newgate] will be producing responsive documents based on the search terms [SEC Newgate's counsel] proposed to us on Sept. 8th." (**Ex. A**, Shah Decl. ¶ 9; **Ex. F**, Email Correspondence Re: Third Party Subpoenas.) The parties also agreed that they would continue working to refine OAN's additional, proposed search terms in the interim and that SEC Newgate would identify the terms it considered problematic and provide evidence of the asserted burden. (**Ex. F**, Email Correspondence Re: Third Party Subpoenas; **Ex. A**, Shah Decl. ¶ 9.) Despite this concession from OAN and the agreement of the parties, SEC Newgate then backtracked on the progress made in the meet and confer, failed to produce documents responsive to its *own* proposed search terms, and refused to provide evidence of the burden it continued to assert as a reason for rejecting OAN's proposed terms. (**Ex. A**, Shah Decl. ¶ 10; **Ex. F**, Email Correspondence Re: Third Party Subpoenas.) SEC Newgate has ignored OAN's attempt to confirm what the parties agreed to during the meet and confer and has produced zero documents as of the filing of this Motion, with no indication when it will ever produce documents, despite saying long ago that it would. (**Ex. A**, Shah Dec. ¶¶ 10–11.) And to this date, SEC Newgate has refused to provide any further evidence of its purported burden even though it is relying on this alleged burden as its stated reason that it will not produce documents. (*Id*.). OAN therefore had no other choice but to bring this motion and seek this Court's relief.

5

### III.     ARGUMENT

#### A.     Legal Standard

Rule 45 allows the party serving a subpoena to move "for an order compelling production" of requested documents if the commanded person has failed to comply. Fed. R. Civ. P. 45(d)(2)(B)(i). The decision whether to grant a motion to compel compliance with a Rule 45 subpoena is entrusted to this Court's sound discretion. *See In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (per curiam). "[S]ubpoenas issued under Rule 45 are 'subject to the relevance requirement of Rule 26(b)(1),' which provides that '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *Malibu Media, LLC v. Doe*, No. 15-CV-3147 (AJN), 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016) (second alteration in original) (quoting *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011)). "[R]elevancy, as it relates to information sought to be disclosed, is *broadly* construed and incorporates information which is not admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Sokol v. Wyeth, Inc.*, No. 07-CV-8442 (SHS) (KNF), 2008 WL 3166662, at *3 (S.D.N.Y. Aug. 4, 2008) (emphasis added) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

Once relevancy has been shown, the subpoena respondent resisting discovery bears the burden of demonstrating that the subpoena is "over-broad, duplicative, or unduly burdensome." *Kingsway Fin. Services, Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 CIV. 5560(RMB)HBP, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008); *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012) ("Once relevance has been shown, it is up to the responding party to justify curtailing discovery." (quoting *Trilegiant Corp. v. Sitel Corp.*, 275 F.R.D. 428, 431 (S.D.N.Y. 2011))). Whether a subpoena imposes upon a witness an "undue burden" depends upon "such factors as relevance, the need of the party for the documents, the

breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (quoting *United States v. International Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i).

Because the burden is on the subpoena respondent withholding discovery, the respondent "cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of insisting on compliance." *Kirschner v. Klemons*, No. 99 CIV. 4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (citing *Concord Boat*, 169 F.R.D. at 48). Defeating a motion to compel requires showing "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive, . . . by submitting affidavits or offering evidence revealing the nature of the burden." *Sokol*, 2008 WL 3166662, at *3 (alterations in original) (quoting *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984)); *see also Alexander v. FBI*, 194 F.R.D. 305, 313–15 (D.D.C. 2000) (noting that party alleging undue burden "must make a specific, detailed showing of the burden [the disputed] search would require" and identifying "estimated required staff hours, estimated cost, or some other specific showing" as types of evidence that might support an undue burden argument).

B.   **OAN's subpoena and Motion comply with Federal Rule 45.**

OAN's subpoena was properly served on SEC Newgate and satisfied Rule 45's form, content, notice, and geographic requirements. Fed. R. Civ. P. 45(a)–(c).

As "the district where compliance is required," the Southern District of New York is the proper forum for this Motion. The document subpoena was addressed to SEC Newgate's office address in Manhattan and the subpoena directs production at the Manhattan offices of a law firm.

7

(**Ex. B**, Document Subpoena); *see* Fed. R. Civ. P. 45(c)(2)(A) ("A subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person [possessing such documents] resides, is employed, or regularly transacts business in person."). As Rule 45 provides, "the serving party may move the court for *the district where compliance is required* for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added). A Rule 45 subpoena requires compliance in the location where it directs production. *See, e.g.*, *Madigan v. Bronstein*, No. 18 Misc. 61 (WHP), 2018 WL 1768283, at *3 (S.D.N.Y. Apr. 12, 2018) ("[A]ny motion to compel would properly be brought in the Eastern District of New York—not this Court—because the subpoena requires attendance at a deposition and production of documents in Brooklyn."); *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016). Therefore, OAN properly files the Motion in this Court to compel compliance with the document subpoena.

  **C.** **SEC Newgate must comply with the document subpoena.**

  The document subpoena seeks 15 relevant categories of information, all of which relate to the claims at issue in Smartmatic's lawsuit against OAN. (**Ex. B**, Document Subpoena, at 6–8.) The requests focus primarily on SEC Newgate's work as a PR consultant for Smartmatic in the run-up to the 2020 presidential election; Smartmatic's efforts to enhance its public image amid allegations of election fraud, election hacking, and election rigging, and/or the improper or inaccurate counting of votes; and Smartmatic's alleged connections to Venezuela, Hugo Chavez, or George Soros. For instance, Request No. 8 seeks "Documents and Communications concerning any press releases or other public Communications drafted, prepared, revised or reviewed by [SEC Newgate] related to any Smartmatic Entity and claims of election fraud, bribery, election hacking, election rigging, and/or the improper or inaccurate counting of votes during any election in

Venezuela." *Id.* at 7. The information sought by the subpoena is thus relevant to Smartmatic's defamation claims against OAN.

Nevertheless, SEC Newgate has not produced any documents, despite promising in April to do so within 30 days and despite OAN's grant of an extension to respond to its subpoena in exchange. (**Ex. D**, Email Correspondence re Deadlines.) Nowhere in repeated rounds of correspondence and meet-and-confers, however, has SEC Newgate claimed that the subpoena seeks irrelevant information. Instead, SEC Newgate complains about the methods for identifying responsive documents. Yet OAN has provided SEC Newgate with search terms, has narrowed certain terms at SEC Newgate's request, and *has agreed to production of documents using SEC Newgate's own proposed terms.* (*See* **Ex. A**, Shah Decl. ¶¶ 6–7, 9–11; **Ex. F**, Email Correspondence Re: Third Party Subpoenas.) There is no reason why SEC Newgate cannot produce these documents today, as it promised it would do months ago. (**Ex. A**, Shah Decl. ¶¶ 3, 9.)

Moreover, SEC Newgate identifies no evidence of the purported burden it asserts, despite OAN requesting evidence of this purported burden—specifically hit reports—throughout the meet and confer process and in correspondence with SEC Newgate. SEC Newgate's perfunctory objections cannot surmount the "heavy burden" a subpoena respondent faces in order to successfully resist a subpoena, *Kirschner*, 2005 WL 1214330, at *2 (quoting *Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995)), and the Court should disregard SEC Newgate's unsupported assertions of burden. *See In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-cv-7488 (CM) (JCF), 2017 WL 3822883, at *4 (S.D.N.Y. Aug. 30, 2017) (non-party respondent from whom discovery is sought "cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and the probable negative

consequences of insisting on compliance" (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009))).

In correspondence between counsel, SEC Newgate identified only four search terms as burdensome, and OAN responded within 24 hours to address those terms, narrowing some terms and providing explanation for how the vendor could properly run the search terms. (*See* **Ex. A**, Shah Decl. ¶ 7; **Ex. F**, Email Correspondence Re: Third Party Subpoenas.) SEC Newgate did not explain why OAN's other proposed terms could not be run immediately. (*See* **Ex. F**, Email Correspondence Re: Third Party Subpoenas.) Since then, SEC Newgate has provided no further evidence of burden—despite OAN's requests—or even responded to OAN's email alleviating that burden. (**Ex. A**, Shah Decl. ¶¶ 7–11.) OAN has gone above and beyond to address SEC Newgate's concerns but has explained that it cannot "play a guessing game" on what SEC Newgate continues to assert as burdensome if SEC Newgate won't provide evidence of this burden or even identify other burdensome terms. (**Ex. F**, Email Correspondence Re: Third Party Subpoenas.)

In determining whether an undue burden exists, courts can consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *City of Almaty, Kazakhstan v. Ablyazov*, No. 115CV05345AJNKHP, 2020 WL 1130670, at *1 (S.D.N.Y. Mar. 9, 2020) (quoting Fed. R. Civ. P. 26(b)(1)). These considerations weigh against sustaining SEC Newgate's objection to the document subpoena. Smartmatic seeks billions of dollars in this case, a factor that alone justifies OAN's relevant, targeted subpoena. *See BuzzFeed, Inc. v. U.S. Dep't of Just.*, 318 F. Supp. 3d 347, 361 (D.D.C. 2018) (finding no undue burden for non-party to comply with defamation defendant's subpoena given the amount in controversy); *Westinghouse*

*Elec. Corp. v. City of Burlington*, 351 F.2d 762, 767 (D.C. Cir. 1965) ("The fact that these are very important cases with large sums of money at stake is relevant in determining the reasonableness of the [third-party] subpoena.").

Despite OAN's multiple follow-up attempts, SEC Newgate to this date has refused to provide any evidence of the purported burden on which it is relying as its stated reason that it will not produce documents. (**Ex. A**, Shah Dec. ¶¶ 10–11); *In re In-Store Advertising Sec. Lit.*, 163 F.R.D. 452, 455 (S.D.N.Y. 1995) ("If a party resists production on the basis of claimed undue burden, it must establish the factual basis for the assertion through competent evidence." (quoting *Fletcher v. Atex, Inc.*, 156 F.R.D. 45, 54 (S.D.N.Y. 1994))); *Johnson v. McTigue*, 122 F.R.D. 9, 11 (S.D.N.Y. 1986) ("Mere allegations of burdensomeness cannot defeat a motion to compel production."); *see also Wells Fargo Bank, N.A. v. Konover*, No. 3:05CV1924(CFD)(WIG), 2008 WL 11377696, at *9 (D. Conn. June 10, 2008) (rejecting undue-burden argument where non-party subpoena respondent's "assertions of undue burden are totally unsupported by affidavit or any other evidence giving any estimate of the number of documents involved or the expense of complying with the subpoena").

The strategy of Smartmatic's counsel, who also represents SEC Newgate and several other third-party PR firms, appears to be one of using failure to produce documents as a way to delay depositions of third parties. *See* ECF No. 108 at 8, *Smartmatic*, No. 1:21-cv-02900-CJN ("Scott Circle may be willing to sit for deposition . . . . but only once its document production is complete."). This tactic is improper and forces OAN to bring this motion to compel document production now.

The stonewalling must end, and the Action's fact discovery deadline remains set for December 8, 2023. *See Goldstein v. FDIC*, 494 B.R. 82, 87 (D.D.C. 2013) (recognizing that Rule

11

45 subpoenas are subject to the same discovery deadlines and orders as any other type of discovery); *accord Pasternak v. Dow Kim*, No. 10 CIV. 5045 LTS JLC, 2013 WL 1729564, at *1 (S.D.N.Y. Apr. 22, 2013). OAN therefore asks the Court to enter an order compelling SEC Newgate to produce documents responsive to the document subpoena no later than 7 days after the granting of this Motion.

### IV.   CONCLUSION

The Action's fact discovery deadline is December 8, 2023, and OAN is doing everything it can to meet that deadline. SEC Newgate's failure to comply with OAN's Rule 45 document subpoena is just the latest step Smartmatic and its lawyers have taken to delay discovery. The Court should render an order compelling SEC Newgate to produce documents responsive to the document subpoena no later than 7 days after the granting of this Motion.

By: */s/ Joel R. Glover*

**JACKSON WALKER L.L.P.**
Charles L. Babcock
NY Bar No. 5451117
Joel R. Glover
NY Bar No. 5697487
John K. Edwards
(motion for admission *pro hac vice* to be filed)
Bethany Pickett Shah
(motion for admission *pro hac vice* to be filed)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
jglover@jw.com
jedwards@jw.com
bpickett@jw.com

*Counsel for Defendant*