UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SMARTMATIC USA CORP.; SMARTMATIC
HOLDING B.V., and SGO CORPORATION LIMITED,

Plaintiffs,

-v.-

HERRING NETWORKS, INC., d/b/a ONE AMERICA
NEWS NETWORK,

Defendant.

23 Misc. 454 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

This miscellaneous action was initiated on November 21, 2023, by motion to compel non-party SEC Newgate US LLC ("Respondent"), to comply with a subpoena obtained by Herring Networks, Inc. ("Petitioner"), arising out of an underlying lawsuit involving Petitioner currently pending in the United States District Court for the District of Columbia. (Dkt. #3 ("Notice of Motion"); 4-2 ("Document Subpoena")). *See Smartmatic USA Corp.* v. *Herring Networks, Inc.*, No. 21 Civ. 2900 (CJN) (MAU) (D.D.C.).

The subpoena was issued by the United States District Court for the District of Columbia on April 19, 2023, and was served on Respondent that same day. (Dkt. #4 at 2; *see generally* Document Subpoena). The subpoena seeks documents and communications from Respondent related to the defamation claims at issue in the underlying *Smartmatic* lawsuit, which claims arise out of Petitioner's coverage of Smartmatic voting machines in connection with the 2020 presidential election. (Document Subpoena 5-12). Respondent has not appeared in this case and Petitioner's motion is unopposed.

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). With respect to "exceptional circumstances," the Advisory Committee's 2013 Note to Rule 45(f) suggests that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas" and that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013 Amendment. "Rule 45(f) [is] primarily focused on avoiding piecemeal litigation." *Am. Plan Administrators* v. *S. Broward Hosp. Dist.*, 39 F.4th 59, 61 (2d Cir. 2022) (holding that an order transferring a motion under Rule 45(f) is not immediately appealable).

Courts in this District regularly "transfer[] similar motions to the issuing court where the issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency." *Full Circle United, LLC* v. *Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022) (alteration adopted, internal quotation marks and citations omitted); *see, e.g.*, *Veritiv Operating Co.* v. *Cent. Nat'l Gottesman, Inc.*,

2

No. 22 Misc. 250 (VB), 2022 WL 17585252, at *1 (S.D.N.Y. Nov. 23, 2022) (transferring motion to compel to the Western District of Kentucky); *Honeywell Int'l Inc.* v. *Mazars USA LLP*, No. 21 Misc. 870 (ER), 2022 WL 94881, at *1 (S.D.N.Y. Jan. 10, 2022) (collecting cases).

    Transfer of this action to the United States District Court for the District of Columbia is appropriate in this case.  Judge Nichols and Magistrate Judge Upadhyaya, who are presiding over the underlying *Smartmatic* action, are best positioned to adjudicate the enforcement of this subpoena, especially given the impending fact discovery deadline in that action, the fact that Judge Nichols and Magistrate Judge Upadhyaya are actively managing discovery in that action, and the Petitioner's representation that counsel for Respondent is the same as counsel for the plaintiffs in the underlying litigation.  (Dkt. #4 at 1-3). *See Google LLC* v. *Fortress Inv. Grp. LLC*, No. 20 Misc. 132 (KPF) 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020) (observing that "consistency in rulings and another judge's prior involvement in the underlying action [are] reasons for transferring [the] case" (citing *Wultz* v. *Bank of China, Ltd.*, 304 F.R.D. 38, 45-47 (D.D.C. 2014))).

    The Court also observes that Respondent has not appeared in this case, nor has Respondent articulated any interest in having the motion resolved in this District.  *Hilb Grp. of N.Y., LLC* v. *Associated Agencies, Inc.*, No. 23 Misc. 264 (LJL), 2023 WL 5183690, at *1 (S.D.N.Y. Aug. 10, 2023) (transferring unopposed motion to compel to the Eastern District of New York).  Accordingly, the Court "concludes that the judicial economy and consistency considerations

outweigh any potential burden that a transfer may place on [Respondent]." *Drummond Co., Inc.* v. *VICE Media LLC*, No. 21 Misc. 859 (AJN), 2022 WL 445681, at *3 (S.D.N.Y. Feb. 14, 2022) (transferring motion to compel pursuant to Rule 45 in light of the complex discovery sought and the fact that the court adjudicating the underlying action had already ruled on related discovery issues and was familiar with the facts of the action and their relation to the subpoena).

For the foregoing reasons, the Clerk of Court is directed to transfer this case to the United States District Court for the District of Columbia, to terminate all pending motions, and to close this case.

SO ORDERED.

Dated: November 29, 2023
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge